ALEJANDRO FRANCESCHI, demandante y apelado, *v.* FIDO ANTONMARCHI y ANA LUCÍA ANTONGIORGI, demandados y apelantes.

No. 4261.—*Visto:* Febrero 21, 1928. *Resuelto:* Junio 28, 1928.

*Leopoldo Tormes,* abogado de los apelantes; *Agustín E. Font,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La demanda origen de este pleito, copiada a la letra, en lo pertinente, dice:

"2.—Que allá por el mes de febrero de 1925, el aquí demandante vendió a los demandados una finca por el precio y bajo las condiciones consignadas en escritura pública al efecto, otorgada en 24 de febrero del citado año, por ante el Notario Angel Padró, bajo el número 20.

"3.—Que con motivo de esa operación el aquí demandante don Alejandro Franceschi cedió en venta a los esposos demandados ochenta y dos acciones del Federal Land Bank of Baltimore, endosando en blanco el certificado de tales acciones e instruyendo a dicho Banco para que transfiriera como fueron transferidas dichas

ochenta y dos (82) acciones a nombre y a favor de los esposos aquí demandados, importando el precio convenido de las mismas la suma de cuatrocientos diez dólares ($410.00).

"4.—Que el demandante ha hecho continuas y repetidas gestiones cerca de los demandados para que le paguen su importe de cuatrocientos diez dólares ($410.00) resultando infructuosas todas las gestiones de cobro, por lo que dicha suma no le ha sido satisfecha a dicho demandante en todo ni en parte, por los demandados ni por persona alguna en su nombre.

"5.—Que la venta de estas acciones se hizo por valor al contado, por lo cual esta suma está vencida, es líquida y exigible."

Los demandados presentaron una moción eliminatoria que fué declarada sin lugar y luego excepcionaron y contestaron la demanda alegando como defensa especial que nada debían al demandante. Fué el pleito a juicio. Surgieron varias dificultades con motivo de la práctica de la prueba y la corte finalmente dictó sentencia declarando la demanda con lugar.

No conformes los demandados apelaron para ante esta Corte Suprema señalando en su alegato la comisión de seis errores.

■ Por el primero se sostiene que la corte erró al declarar sin lugar la moción eliminatoria. La demanda pudo redactarse a nuestro juicio en forma más breve y precisa omitiendo toda referencia a la venta de la finca, pero tal como se presentó la moción iba demasiado lejos. Pedía la eliminación total de los hechos dos, tres y cuatro. De todos modos si hubo error, no fué perjudicial. La venta de las acciones según demostró la prueba estuvo relacionada con la de la finca y son los mismos demandados los que alegan que las acciones siguieron a la finca.

■ Por el segundo señalamiento de error se sostiene que la demanda no aduce hechos suficientes para fundar la acción ejercitada porque la venta no se hizo constar en documento público y porque no se alega la entrega de la cosa vendida.

Es cierto que el artículo 1247 No. 6 del Código Civil dispone que deberá constar en documento público "la cesión

de acciones o derechos procedentes de un acto consignado en escritura pública."

El hecho de que en la demanda se diga que la venta de las acciones se celebró con motivo de la venta de la finca no quiere necesariamente decir que sea aplicable el precepto legal que dejamos transcrito, pero aunque lo fuera la falta de cumplimiento del requisito legal no enervaría la acción del acreedor.

El artículo 1247 del Código Civil debe interpretarse a la luz de lo dispuesto en los dos que le preceden, a saber: que los contratos son obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez, y que si la ley exigiere el otorgamiento de escritura u otra forma especial para hacer efectivas las obligaciones propias de un contrato, los contratantes podrán compelerse recíprocamente a llenar aquella forma, habiendo sido ambos interpretados por la Corte Suprema de España en el sentido de que "el primero consagra la eficacia de la obligación del deudor, y el segundo consigna una facultad y no una obligación a favor de ambos contratantes, sin que la circunstancia de no haber hecho uso de ella enerve la acción del acreedor." Véase 8 Manresa, Comentarios al Código Civil, 657.

■ En cuanto a la entrega de las acciones, lo alegado en la demanda es bastante. Fueron endosadas por el vendedor quien instruyó al Banco que las transfiriera como las transfirió a los demandados.

■ El tercer error se refiere a cierta excepción tomada con motivo de la declaración del testigo Quesada, del demandante. Según los autos, ocurrió lo que sigue:

"P.—Con motivo de aquella operación que había hecho con el Banco Federal, tenía don Alejandro algunas acciones?—R.—Sí. Tenía las acciones que correspondían al montante de la hipoteca; el prestatario recibe cinco por ciento del valor total del préstamo en acciones.—P.—Cuántas acciones eran ésas?—R.—Ochenta u ochenta y dos acciones.—P.—Cuánto valen esas ochenta y dos acciones?—R.

—Cuatrocientos diez pesos.—P.—Fueron incluidas esas ochenta y dos acciones en la venta de la finca de don Chalí a los esposos Antonmarchi-Antongiorgi?—Demandado.—Nos oponemos a la pregunta, porque fué hecho un contrato de compra-venta de una finca hipotecada al Banco Federal, y la teoría nuestra es la siguiente: que las acciones siguen a la finca, porque son derechos incorporados a la finca de acuerdo con el Art. 336 del Código Civil Revisado, en su apartado 2º que establece: 'Las siguientes cosas incorporales son consideradas como inmuebles por razón del objeto al cual se aplican: 1.—El usufructo y el uso de las cosas inmuebles. 2.—Cualquier derecho u obligación constituída sobre una propiedad inmueble.' El contrato es escrito, y la primera cláusula de la escritura que se otorgó, dice: 'PRIMERA.—Don Alejandro Franceschi y Antongiorgi vende absolutamente, a favor de los esposos Don Fido Antonmarchi y Santiago y Doña Ana Lucía Antongiorgi y Boagna, la finca rústica que se describe en el hecho primero de la presente, con todo cuanto a esa finca es anexo y por derecho le corresponde.'

"De acuerdo con la Ley Federal 'The Federal Farm Loan Act,' aprobada por el Congreso de los Estados Unidos, extensiva a Puerto Rico en diciembre de mil novecientos veinte, en la página seis de este folleto, Sección Quinta, se crea el capital stock del Federal Land Bank, y los accionistas, los tenedores de esas acciones tienen que ser propietarios; los tenedores de las acciones del Federal Land Bank tienen que ser propietarios. Es un derecho incorporado. No puede haber ninguna otra cuestión fuera del contrato escrito que motivó la venta y en el que consta que la finca estaba hipotecada en tal suma de dinero y que el comprador se constituyó en deudor del Banco, y subsistió la carga de esa hipoteca por veinte años.

"Demandante.—Es un error del Lcdo. Tormes.

   ❋     ❋     ❋     ❋     ❋     ❋     ❋

"Juez.—La corte desestima la moción del letrado Sr. Tormes, . . .

"Demandado.—Nosotros tomamos excepción.

"Demandante.—P.—Con motivo de esa operación de venta de esa finca, se hizo alguna otra operación con los señores esposos demandados? Se les vendió algo además de la finca?—R.—Sí. Las acciones."

La pregunta objetada quedó sin contestar. Hemos transcrito parte de lo que consta en autos sobre el incidente que surgió, porque lo dicho por el abogado de los apelantes arroja luz sobre el fondo del pleito, sobre su teoría del caso y sobre

la apreciación de la prueba. Es en verdad la apreciación de la prueba lo único que nos ha hecho vacilar en la decisión de este asunto.

El cuarto error carece de importancia. Se refiere a la indebida admisión de cierta carta del Federal Land Bank que expresa la opinión del banco sobre el asunto. Quizá no se autenticó en debida forma la firma de dicha carta, pero su admisión en nada pudo perjudicar a los demandados. La corte de distrito no falló el caso basándose en la opinión del banco sino ejercitando su propio juicio e igual proceso mental está siguiendo esta Corte Suprema.

Los errores quinto y sexto se refieren al análisis de la prueba, van al fondo del asunto.

Quesada, un empleado del demandante y éste en persona declararon que la venta se hizo con independencia de la de la finca comprometiéndose los demandados a satisfacer el precio de las acciones y negándose luego. El demandado Fido Antonmarchi declaró que la venta finalmente se acordó de tal modo que el precio fijado para la finca comprendía el de las acciones; que el demandante intentó que las acciones se pagaran separadamente y que el testigo dijo que si eso era así se desharía el negocio en su totalidad, aviniéndose entonces el demandante a entregar las acciones con la finca.

De dichas declaraciones surge un conflicto irreconciliable. Alguien mintió. ¿Fueron el demandante y su empleado o fué Antonmarchi? Difícil es resolverlo.

Cuando se analizan los términos del contrato de venta de la finca que no sólo dejan de comprender expresamente las acciones, sino que excluyen la posibilidad de que el precio de las mismas estuviera comprendido dentro del de la finca, dada la forma en que dicho precio fué fijado, parece tan lógica la posición asumida por el demandante, que el ánimo del juzgador se inclina a creer que son el demandante y su empleado los que dicen la verdad. Sin embargo, cuando se lee y relee la amplia declaración de Antonmarchi, se examina cierta

liquidación practicada en el acto del contrato en un pequeño papel en la cual finalmente aparece deducido con lápiz, como algo hecho a última hora, el valor de las acciones, y se tiene en cuenta además que del certificado de las acciones aparece que "en caso de que el título de la propiedad descrita en dicha hipoteca se transfiera, el certificado de acciones deberá por medio del debido endoso ser traspasado al nuevo propietario", ya que dichas acciones se retienen por el banco como garantía subsidiaria del préstamo lo que implica que para vender la finca era necesario vender también las acciones, al juzgador le parece que es Antonmarchi el que dice la verdad.

Siendo ello así, en tal estado de duda, es decisiva, a los efectos de inclinar la balanza en pro del demandante, la apreciación ya hecha por el juez sentenciador ante quien personalmente declararon los testigos. Quizá la verdad sea que Antonmarchi después de haberse comprometido al pago por separado de las acciones, al examinar el certificado de transferencia y darse cuenta de que las acciones necesariamente tenían que transferirse al venderse la finca, varió de actitud como explica el testigo Quesada en su declaración.

Por virtud de todo lo expuesto, *debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*